# United States Court of Appeals for the Fifth Circuit

—————————

No. 23-50477
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Isidoro Ibarra-Arzate,

*Defendant—Appellant*.

—————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CR-40-1

—————————————————————

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Isidoro Ibarra-Arzate appeals the concurrent 70-month terms of imprisonment imposed following his guilty-plea convictions for conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine and for possession with intent to distribute 500 grams or more of a mixture or substance containing

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

methamphetamine.  He argues that the district court erred by finding that he was not eligible for relief under the "safety valve" provisions of 18 U.S.C. § 3553(f).  Specifically, he argues that the word "and" in § 3553(f)(1) should be interpreted to mean that a defendant is ineligible for safety-valve relief only if all three disqualifying conditions apply.  In his case, he asserts that he only has one of the three disqualifying conditions.

Ibarra-Arzate concedes that his argument currently is foreclosed by our decision in *United States v. Palomares*, 52 F. 4th 640, 643-45 (5th Cir. 2022), *petition for cert. filed* (U.S. Dec. 21, 2022) (No. 22-6391), but he notes that the Supreme Court is currently considering the same issue in another case.  The Government has filed an unopposed motion for summary affirmance, or, in the alternative, for an extension of time to file its brief.  The Government correctly asserts that the issue is foreclosed by *Palomares*.  In *Palomares*, we used a "distributive approach" to interpret § 3553(f)(1) and concluded that criminal defendants are "ineligible for safety-valve relief under § 3553(f)(1) if they run afoul of any one of its requirements." *Palomares*, 52 F.4th at 647.  Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper.

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.  The Government's alternative motion for an extension of time is DENIED.